136 P.3d 899 (2006)
Concerning the Application for Water Rights of the Ground Water Management Subdistrict of the Central Colorado Water Conservancy District in Adams, Larimer, Morgan and Weld Counties.
The HARMONY DITCH COMPANY; The Logan Irrigation District, The Iliff Irrigation District, and The Morgan-Prewitt Reservoir Company, acting by and through the Prewitt Operating Committee; Irrigationists' Association, Water District 1; North Sterling Irrigation District; Pawnee Well Users, Inc., Centennial Water and Sanitation District; City of Boulder; City of Englewood; City of Sterling, City of Westminster; and South Adams County Water and Sanitation District, Opposers/Appellants
v.
The GROUND WATER MANAGEMENT SUBDISTRICT OF the CENTRAL COLORADO WATER CONSERVANCY DISTRICT, Applicant/Appellee and
Harold (Hal) D. Simpson, State Engineer, James (Jim) R. Hall, Division Engineer for Water Division No. 1; The City of Aurora; City of Lakewood; Brighton Ditch Company; Lower Platte & Beaver Canal Company; The City of Longmont; Cherry Creek Water Users Association; Rural Ditch Company; Godding Ditch Company; The City of Loveland; Northern Colorado Water Conservancy District; Greeley Irrigation Company; Riverside Reservoir and Land Company; Riverside Irrigation District; The Farmers Reservoir and Irrigation Company; Public Service Company; The City and County of Broomfield; St. Vrain & Left Hand Water Conservancy District; The City and County of Denver; The Henrylyn Irrigation District; Cache La Poudre Water Users Association; The Greeley and Loveland Irrigation Company; Seven Lakes Reservoir Company; Water Users Association of District No. 6; The City of Thornton; Varra Companies, Inc.; Thompson Water Users Association; Lower Latham Reservoir Company; Bijou Irrigation Company; Bijou *900 Irrigation District; The City of Black Hawk; The City of Greeley, acting by and through its Water & Sanitation Board; Fort Morgan Reservoir & Irrigation Company; and Rangeview Metropolitan District, Opposers/Appellees.
No. 05SA205.
Supreme Court of Colorado, En Banc.
June 12, 2006.
Timothy R. Buchanan, P.C., Timothy R. Buchanan, Arvada, Colorado, Attorneys for Harmony Ditch Company and North Sterling Irrigation Dist.
John W. Suthers, Attorney General, Paul L. Benington, Assistant Attorney General, Denver, Colorado, Attorneys for State and Division Engineers.
White & Jankowski, L.L.P., David F. Jankowski, Bradford R. Benning, Denver, Colorado, Attorneys for City of Sterling.
Moses, Wittemyer, Harrison and Woodruff, Veronica A. Sperling, Brian A. Knutsen, Boulder, Colorado, Attorneys for Centennial Water & Sanitation District, City of Boulder, and Pawnee Well Users.
Carlson, Hammond & Paddock, L.L.C., Mary Mead Hammond, Lee H. Johnson, Beth Ann Parson, Denver, Colorado, Attorneys for Iliff Irrigation District, Logan Irrigation and Morgan Prewitt Reservoir, Irrigationists' Assoc., Water District 1, and City of Westminster.
Berghill, Greenleaf, & Ruscitti LLP, David G. Hill, Melissa M. Heidman, Boulder, Colorado, Attorneys for City of Englewood.
Moses, Wittemyer, Harrison and Woodruff, P.C., David L. Harrison, Richard J. Mehren, Boulder, Colorado, Attorneys for South Adams County Water and Sanitation District.
Casey S. Funk, Daniel J. Arnold, Denver, Colorado, Attorneys for City and County of Denver.
Trout, Raley, Montaño, Witwer & Freeman, P.C., Robert V. Trout, James S. Witwer, Douglas M. Sinor, Denver, Colorado, Attorneys for Northern Colorado Water Conservancy District and the City of Greeley.
Vranesh & Raisch, L.L.P., Michael D. Shimmin, Stuart B. Corbridge, Boulder, Colorado, Attorneys for Bijou Irrigation Company and Bijou Irrigation District.
Lind, Lawrence & Ottenhoff, L.L.P., Kim R. Lawrence, Kelly J. Custer, Greeley, Colorado, Attorneys for the Ground Water Management Subdistrict of the Central Colorado Water Conservancy District.
William R. Fisher, Brent A. Bartlett, Fort Collins, Colorado, Attorneys for the Cache La Poudre Water Users Assoc., Thompson Water Users Assoc., and Lower Latham Reservoir Company.
Harvey W. Curtis & Associates, Harvey W. Curtis, David L. Kueter, Patricia A. Madsen, Sheela S. Stack, Englewood, Colorado, Attorneys for the City of Black Hawk.
Krassa & Miller, LLC, Robert F.T. Krassa, Boulder, Colorado, Attorneys for Brighton Ditch Company.
*901 Bernard Lyons Gaddis & Kahn, P.C., Jeffrey J. Kahn, Wendy E. Slee, Longmont, Colorado, Attorneys for Waters Users Association of District 6 St. Vrain & Left Hand Water Conservancy District, Greeley and Loveland Irrigation Company, Seven Lakes Reservoir Company.
Peter C. Fleming, Glenwood Springs, Colorado, Attorney for Amicus Curiae Colorado River Water Conservation District.
Porzak Browning & Bushong LLP, Michael F. Browning, Boulder, Colorado, Attorney for the City of Longmont.
Petrock & Fendal, P.C., Frederick A. Fendel III, Denver, Colorado, Attorneys for Rangeview Metropolitan District.
Greeley Irrigation Company, Greeley, Colorado, Bratton & McClow, LLC, John H. McClow, Gunnison, Colorado, Amicus Curiae for Upper Gunnison River Water Conservancy District.
Porzak, Browning, Bushong, LLP, Glenn E. Porzak, Kevin J. Kinnear, Boulder, Colorado, Amicus Curiae for City of Golden, Upper Eagle Regional Water Authority, Eagle River Water Sanitation District, Eagle Park Reservoir Company, Vail Assoc., Inc., and Clinton Ditch & Reservoir Company.
David C. Hallford, Christopher L. Geiger, Scott A. Grosscup, Balcomb & Green, P.C., Glenwood Springs, Colorado, Attorneys for Amicus Curiae Basalt Water Conservancy District.
Patrick, Miller & Kropf, P.C., Kevin L. Patrick, Ramsey L. Kropf, Aspen, Colorado, Attorneys for Amicus Curiae for the Town of Gypsum and Cornerstone Winter Park Holdings, LLC.
Brownstein Hyatt & Farber, P.C., Steven O. Sims, John A. Helfrich, Denver, Colorado, Attorneys for the City of Aurora.
Robert Schott (pro se), Sterling, Colorado, for Lower South Platte Water Conservancy District.
Stan L. Janssen, Boulder, Colorado, for the Henrylynn Irrigation District.
PER CURIAM.
The Ground Water Management Subdistrict of the Central Colorado Water Conservancy District filed an application for approval of a plan for augmentation for approximately 1,000 wells in the South Platte River basin, in Water Division No. 1, on December 23, 2002. The plan for augmentation proposed to allow out-of-priority well pumping by replacing the resulting out-of-priority depletions. Approximately 50 entities and individuals, including the state engineer, filed statements of opposition to the application.
On June 3, 2005, the water court entered a decree approving the plan for augmentation, which provides, in pertinent part: "Pursuant to § 37-92-305(8), C.R.S., the State Engineer shall curtail all out-of-priority diversions, the depletions from which are not so replaced as to prevent injury to vested water rights." The Harmony Ditch Company and various other opposers appealed directly to this court, assigning error to the decree's description of the state engineer's duty of curtailment in the language of the statute itself. Harmony contends that section 37-92-305(8) compels such decrees to "require that the state engineer curtail all out-of-priority diversions, the depletions from which are not so replaced as to prevent injury to vested water rights," and that this mandate remains unfulfilled unless the statutory language is construed to mean, and the decree also specifies, that the state engineer is authorized to curtail out-of-priority diversions only when the augmentation plan is not being operated in compliance with the other terms and conditions of the decree.
The mandate of section 37-92-305(8)that decrees approving plans for augmentation impose a duty of curtailment, under certain circumstances, on the state engineeris entirely a creature of statute, and the statute itself specifies what the decree must demand of the state engineer. By imposing a duty of curtailment on the state engineer in terms of the precise formula required by statute, the water court has complied with the mandate *902 of the statute. Should a party suffer injury as a result of the state engineer's attempt to comply with his obligation, avenues exist to challenge the scope of his authority, as intended by the legislature and decreed by the water court, in the context of the particular circumstances.
The judgment of the water court is therefore affirmed.
Justice EID does not participate.